No. 18,973.

HAYUTIN AND HAYUTIN, TRUSTEES *v.* W. WALTER BYRON.
(355 P. [2d] 532)

Decided September 19, 1960.   Rehearing denied October 10, 1960.

Messrs. HAYUTIN & HAYUTIN, for plaintiffs in error.

Messrs. LESHER, SCHMIDT & VAN CISE, Mr. R. DALE TOOLEY, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order they appeared in the trial court. We refer to them as plaintiffs and defendant, or by name.

On *April 2, 1951,* defendant leased to York Investment Company, a corporation, herein referred to as York, certain mining properties located in Summit County, Colorado. The lease was prepared by Irving Hayutin, an attorney at law, one of the plaintiff trustees herein.

The lease imposed certain obligations on York, including the duty to pay royalties monthly, minimum number of work shifts per week, and other conditions providing for the proper operation and development of the leased properties.

At the time York entered upon the property it owned certain mining machinery and equipment located in and on the leased premises. The lease provided that in the event of defaults by York the machinery and equipment:

" * * * shall be and become the property of the lessor as liquidated damages."

On April 10, 1952, defendant notified York of alleged defaults in failing to comply with its lease. On October

22, 1952, York endeavored to move its machinery and equipment from the leased premises and was prevented from so doing by the defendant, who claimed the property as his own as provided in the defaulted lease.

On November 10, 1952, York commenced an action against the defendant seeking to recover $35,000.00, the alleged value of the machinery and equipment. York alleged that the defendant had converted the property to his own use. The defendant answered, denied the conversion and set forth the alleged defaults and provisions of the lease.

Trial of the case to a jury resulted in a verdict for York in the amount of $21,000.00 and a verdict for Byron on his counterclaim for $1,000.00. Judgments were entered on the verdicts and on review by this court it was on May 21, 1956, ordered:

" * * * The judgment is reversed, the cause remanded to the trial court with direction to enter judgment dismissing plaintiff's complaint."

See *Byron v. York Company,* 133 Colo. 418, 296 P. (2d) 742.

On October 15, 1957, the present action was commenced against Byron, who is the same Byron who was the defendant in the *York* case, supra. One of the plaintiffs is Irving Hayutin, the same Irving Hayutin who was the attorney who drew the lease and signed the same as president of York. The other plaintiff, Arthur B. Hayutin, signed the lease as secretary of York.

In the present action Hayutins charge Byron with the conversion of the identical property involved in the *York* case. Hayutins' claim to the property is based entirely on a chattel mortgage securing a note for the amount of $39,800.00 given by York to plaintiffs on *July 25, 1951,* recorded *August 24, 1951,* and a second and purported substitute mortgage dated February 1, 1952, recorded February 6, 1952. Both mortgages were executed in behalf of York by Irving J. Hayutin, president,

and Arthur B. Hayutin, secretary — the same persons who are the plaintiff trustees herein.

By stipulation all of the evidence and all of the exhibits (except Ex. G) introduced in the *York* case were admitted in evidence in this case. Evidence additional to that in the *York* case was produced, being largely a rehash of the testimony in the *York* case.

Trial to the court was completed on October 16, 1957, briefs filed, and on November 19, 1958, the court entered its order and judgment:

" * * * in favor of the defendant and against the plaintiffs for dismissal of the complaint and * * * for his costs herein expended, to be taxed."

Plaintiffs are here by writ of error seeking reversal.

■ Plaintiffs' security rights were derived from York July 21, 1951, or February 1, 1952. At that time York owned the chattels subject to the rights granted by York to Byron on April 2, 1951. York could convey to the plaintiffs only such interest as it had; that interest was encumbered by the lease to Byron.

■ It cannot be successfully contended that plaintiffs did not have complete knowledge of this prior encumbrance on the property. Irving Hayutin, as attorney, drew the lease which burdened the property to Byron; he as president executed the lease for York; he was the manager for York; he, as president, and his brother Arthur, as secretary, of York executed the chattel mortgages to themselves as trustees.

Thus we find from the undisputed pleadings and testimony that the plaintiffs accepted title from York with full knowledge of the prior commitments of York to Byron.

■ * In *Byron v. York,* supra, York's complaint charging Byron with conversion of the property was dismissed. The record in that case shows without contradiction that Byron exercised control and dominion over the property inconsistent with York's claim of ownership. Necessarily it was determined that Byron's rights

were superior to York's and therefore there was no conversion.

Plaintiff's rights, derived from York, cannot now be more effective against Byron than were those of York.

In the *York* case, Irving J. Hayutin, attorney for York, claimed that York was the then owner of the property and that Byron had converted the same. In holding to the contrary this court stated:

"Conversion, which is in effect a forced purchase of chattels, is a harsh and drastic remedy. It is a very special remedy which plaintiff seeks, and under the facts as disclosed by this record was not available to plaintiff. * * * Lessee sought to force Lessor to buy the machinery by the technical claim that its property had been converted. We think it is not entitled to this relief. * * *."

In the present action Hayutins claim that they were the absolute owners of the property at the time the York suit was filed. This claim is wholly inconsistent with the previous claim, but even if true, the reasons for York's failure are equally cogent reasons for plaintiffs' failure. Plaintiffs' case against Byron is no different than that of York against Byron, for their rights are derived from York and are no greater than York's.

The above quoted language from the York case is conclusive against plaintiffs.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE FRANTZ not participating.